THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Crim. No. 3:17-CR-77 |
| | : Crim. No. 3:17-CR-201 |
| v. | : (Judge Mariani) |
| | : |
| HECTOR DELACRUZ, | : |
| | : |
| Defendant | : |

## MEMORANDUM OPINION
## I. INTRODUCTION

Here the Court considers the requests of Defendant Hector Delacruz for compassionate release and sentence reduction. (Docs. 148, 153.) The subject of the first request is "Compel of Care Act, Com[passionate] release." (Doc. 148.) Defendant, who is incarcerated at MCC-New York, filed the document pro se on May 18, 2020, asking the Court to release him "immediately, even if its [sic] on home confinement." (*Id.* at 2.) His request is preceded by a recitation of numerous problems at MCC, including exposure to coronavirus. (*Id.* at 1-2.) By Order of May 20, 2020, the Court construed the filing as a "Motion for Compassionate Release" and directed the Government to file a response to the motion on or before May 26, 2020. (Doc. 149.) With its response filed on May 23, 2020, the Government asserts that Defendant's motion should be dismissed without prejudice for failure to exhaust administrative remedies. (Doc. 150.)

Defendant filed a "Request for Reduction in Sentence Motion" which was docketed on June 1, 2020, and dated May 27, 2020. (Doc. 153.) With this filing, Defendant asks the

Court to grant him "a modest reduction in sentence" so that he can be "immediately released from the custody and care of the Metropolitan Correction Center." (Doc. 153 at 1.) The Court will construe this filing as a second motion for compassionate release.

The Government's response includes the following background information:

> On September 14, 2018, Defendant pleaded guilty, pursuant to a negotiated plea agreement, to one count of conspiracy to distribute heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846 (Indictment filed to 3:17-cr-77, Doc. 164), and one count of conspiracy to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846 (Indictment filed to 3:17-cr-201, Doc. 82). On April 3, 2019, this Court sentenced Delacruz to 51 months of imprisonment on each indictment to run concurrently. (Indictment filed to 3:17-cr-77, Doc. 229; Indictment filed to 3:17-cr-201, Doc. 118).

(Doc. 150 at 1-2.)

## II. ANALYSIS

### A. Compassionate Release

Defendant's requests for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A)(i). Because the provision contains an exhaustion requirement which Defendant has not met, the Court concludes he is not entitled to reduction in his term of imprisonment based on § 3582(c).

Pursuant to 18 U.S.C. § 3582(c), the First Step Act provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case—
>
>   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all

> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> > (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i). The United States Court of Appeals for the Third Circuit considered § 3582(c)(1)(A)'s exhaustion provision in *United States v. Raia*, 954 F.3d 954 (3d Cir. 2020).

> The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before they make such requests, defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond. *See* § 3582(c)(1)(A).

954 F.3d at 595. Thus, where a defendant has made no request to the BOP to move for compassionate release on his behalf, a district court is without authority to consider his request for compassionate release. *Id.* A defendant also fails to comply with § 3582(c)(1)(A)'s exhaustion requirement where he has requested the BOP to move for compassionate release on his behalf but seeks relief in a district court before the BOP has had thirty days to consider his request and there has been no adverse decision by the BOP for him to administratively exhaust within that time period. *Raia*, 954 F.3d at 597. Because

3

the BOP had not issued an adverse decision without the thirty-day time period, the Circuit Court noted that it "need not address administrative appeals here." [1] *Id.*

---

[1] Relevant regulations provide that an inmate's request for the BOP to make a motion under § 3582(c)(1)(A) "shall be submitted to the Warden." 28 C.F.R. § 571.61. If the Warden determines that the request warrants approval, he refers the matter with his recommendation to the Office of General Counsel. 28 C.F.R. § 571.62(a)(1). If the General Counsel determines that the request warrants approval, the General Counsel solicits opinions from relevant individuals and forwards the matter to the Director, Bureau of Prisons, for final decision. 28 C.F.R. § 571.62(a)(2). Section 571.63 addresses the denial of a request:

> (a) When an inmate's request is denied by the Warden, the inmate will receive written notice and a statement of reasons for the denial. The inmate may appeal the denial through the Administrative Remedy Procedure (28 CFR part 542, subpart B).
>
> (b) When an inmate's request for consideration under 18 U.S.C. 4205(g) or 3582(c)(1)(A) is denied by the General Counsel, the General Counsel shall provide the inmate with a written notice and statement of reasons for the denial. This denial constitutes a final administrative decision.
>
> (c) When the Director, Bureau of Prisons, denies an inmate's request, the Director shall provide the inmate with a written notice and statement of reasons for the denial within 20 workdays after receipt of the referral from the Office of General Counsel. A denial by the Director constitutes a final administrative decision.
>
> (d) Because a denial by the General Counsel or Director, Bureau of Prisons, constitutes a final administrative decision, an inmate may not appeal the denial through the Administrative Remedy Procedure.

28 C.F.R. § 571.63. BOP Program Statement 5050.50 § 571.63 provides the following commentary:

> Under 18 USC 3582(c)(1), an inmate may file a request for a reduction in sentence with the sentencing court after receiving a BP-11 response under subparagraph (a), the denial from the General Counsel under subparagraph (d), or the lapse of 30 days from the receipt of such a request by the Warden of the inmate's facility, whichever is earlier.

BOP Program Statement 5050.50 at 15.

The Administrative Remedy Program set out in subpart B of 28 CFR part 542, which is referenced in 28 C.F.R. § 571.68(a), provides for the following appeals procedure:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General

As indicated by relevant statutory and Third Circuit authority, unless a defendant has exhausted administrative remedies under § 3582(c)(1)(A) or thirty days have lapsed since the warden's receipt of the defendant's request for § 3582(c) relief, the district court lacks authority to grant the sentence reduction requested.

Here, the Government asserts that the Court should dismiss Defendant's motion pursuant to § 3582(c)(1)(A) because he did not exhaust his administrative remedies. (Doc. 150 at 1-2.) Specifically, the Government states that the Court does not have jurisdiction to consider Defendant's request for compassionate release under 18 U.S.C. § 3582(c)(1) because "[a]ccording to MCC New York prison records, Delacruz has not submitted a request for compassionate release where he is housed." (Doc.150 at 2.) The Government also states that the Court cannot grant Defendant's request for home confinement as it is without authority to do so. (Doc. 150 at 3.) On these grounds, the Government requests that the Court dismiss Defendant's motion without prejudice to him seeking future relief if and when he exhausts his administrative remedies. (Doc. 150 at 4.)

With his second filing, Defendant asserts that "[b]ased on the statutory language, [he] can "apply directly to the sentencing court for compassionate release" and he is

---

Counsel within 30 calendar days of the date the Regional Director signed the response.

28 C.F.R. § 542.15(a). Thus, an inmate's appeal on a BP-11 form to the General Counsel is the final stage of the BOP's administrative remedy procedure, and it is the inmate's receipt of the response to this appeal which is referenced in Program Statement 5050.50's commentary to 28 C.F.R. § 571.63.

"applying his compassionate release request to this court after [the] Warden MCC received [his] request within the last 30 days" based on the COVID-19 pandemic. (Doc. 153 at 1-2.)

Assuming Defendant filed an appropriate request to the warden under § 3582(c)(1)(A), the Court concludes he has not shown that he complied with the statutory exhaustion requirement. Because, as in *Raia*, there has been no adverse decision for Defendant to administratively exhaust, 954 F.3d at 597, Defendant had to allow thirty days to lapse from the time the MCC Warden received his request before filing his motion in this Court. With his statement made on May 27, 2020, that he is applying for compassionate release "after my Warden at MCC received my request within the last 30 days" (Doc. 153 at 1), by Defendant's own admission, thirty days had not lapsed when he submitted his initial request for compassionate release to this Court which was filed on May 18, 2020, and dated May 8, 2020 (Doc. 148). Further, having stated on May 27, 2020, that the Warden received his "request *within* the last 30 days" (Doc. 153 at 1 (emphasis added)), thirty days had not *lapsed* before he submitted his "Request for Reduction in Sentence Motion" (Doc. 153). Thus, neither filing satisfies the requirement in § 3582(c)(1)(A) that, before he filed his motion with the Court, he had to allow 30 days to lapse from the time the MCC Warden received his request.[2]

---

[2] In the document filed on June 1, 2020, identified as a "Brief in support of release and reduction of time motion" (Doc. 154), Defendant appears to take issue with the Government's assertion that he did not exhaust his administrative remedies, but he speaks only in generalities about MCC's administration informing the inmates in his housing unit that only one of them qualified for compassionate release based on the categorization method used by the BOP. (Doc. 154 at 1.) Thus, the statement provides no indication that Defendant satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

In general terms, Defendant asks for a "modest sentence reduction" so that he can immediately be released from MCC. (Doc. 153 at 1.) He specifically requests that the Court convert his "remaining 5 months of imprisonment to Home Confinement by imposing a sentence of time served and three years of supervised release with a condition of home confinement to expire on [the] projected good time release date of Nov. 19th, 2020." (*Id.*) Defendant states that his "Home Detention Eligibility Date is confirmed for June 10, 2020." (*Id.*) Insofar as Defendant requests the Court to take this action pursuant to § 3582(c)(1)(A), the Court cannot reduce his sentence to time served and three years of supervised release because, as discussed above, he has not complied with the statute's exhaustion requirements. The Court will now consider whether any other basis exists to consider Defendant's request for transfer to home confinement.

## B. Home Confinement

Insofar as Defendant requests placement in home confinement on other grounds, the Court is unable to grant the relief requested. The determination of an inmate's place of incarceration is committed to the discretion of the BOP director. *See McKune v. Lile*, 536 U.S. 24, 39 (2002); *Thomaston v. Meyer*, 519 F. App'x 118, 119 (3d Cir. 2013).

18 U.S.C. § 3621 addresses "[i]mprisonment of a convicted person" and provides in pertinent part as follows:

> **(a) Commitment to custody of Bureau of Prisons.**--A person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 shall be committed to the custody of the Bureau of Prisons

7

until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624.

> **(b) Place of imprisonment.**--The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.] . . . The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering [enumerated factors].

18 U.S.C.A. § 3621(a) and (b).

18 U.S.C. § 3624(c) addresses "[r]elease of a prisoner" and states that "[a] prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence." 18 U.S.C.A. § 3624(a). The provision addresses "[p]rerelease custody" as follows:

> **(1) In general.**--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> **(2) Home confinement authority.**--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.
>
> . . . .
>
> **(4) No limitations.**--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

8

18 U.S.C.A. § 3624(c).

Considered together, these statutory provisions indicate that the BOP has the statutory authority, but not a statutory obligation, to place prisoners in home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, § 12003, enacted on March 27, 2020, together with Attorney General William Barr's April 2020 directive, authorized the BOP to expand its consideration of inmates eligible for placement in home confinement. However, these provisions do not extend the Court's authority to determine an inmate's place of incarceration.

Section 12003(b)(2) of the CARES Act addresses "Home Confinement Authority" and provides as follows:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

PL 116-136, § 12003(b)(2). "Attorney General William Barr made the requisite 'finding that emergency conditions are materially affecting the functioning of the Bureau of Prisons' on April 3, 2020, thereby triggering the BOP's authority to expand the amount of time that a prisoner may spend in home confinement." *United States v. Sawicz*, No. 08-CR-28, 2020

WL 1815851, at *1 (E.D.N.Y. Apr. 10, 2020) (quoting Mem. for Director of BOP (Apr. 3, 2020)).

District Courts considering the CARES Act § 12003 and the Attorney General's directive consistently conclude that the determination of which inmates qualify for home confinement under the CARES Act is with the BOP Director. *United States v. Cruz*, Crim. No. 1:95-CR-204, ---F. Supp. 3d---, 2020 WL 1904476, at *4 (M.D. Pa. Apr. 17, 2020) (citing United States v. Doshi, 2020 WL 1527186, at *1 (E.D. Mi. Mar. 31, 2020) (The CARES Act "temporarily permits the Attorney General to 'lengthen the maximum amount of time for which [it] is authorized to place a prisoner in home confinement' under § 3624(c)(2)" and "the authority to make this determination is squarely allocated to the Attorney General, under whose authority is the Bureau of Prisons."); *United States v. Coker*, 2020 WL 1877800, *1 (E.D. Tenn. April 15, 2020) (court stated that while section 12003 of the [CARES Act] "presently and temporarily provides for expanded prisoner home confinement," "[t]he CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons.") (citations omitted)). *Cruz* also agreed with *Coker* that "courts do not have power to grant relief under Section 12003 of the CARES Act." *Id.*

The language of the CARES Act § 12003(b)(2) and recent district courts' consideration of the CARES Act and related administrative directives indicate that the allowance of increased use of home confinement by the BOP did not give courts control

over an inmate's place of incarceration or the BOP's exercise of its placement authority. Therefore, the Court is without authority to control the BOP's placement of Defendant—the Court can neither directly assign Defendant to home confinement nor direct the BOP to do so.

This Court has determined that an inmate requesting to serve the remainder of his sentence in home confinement is seeking relief as to how his sentence is executed and the only avenue which would allow him to proceed in federal court is a petition filed under 28 U.S.C. § 2241. See, e.g., United States v. Donahue, Crim No. 3:11-CR-33, 2020 WL 3001393, at *5 (M.D. Pa. June 4, 2020); see also United States v. Serfass, Crim No. 3:15-39, 2020 WL 1874126, at *3 (M.D. Pa. Apr. 15, 2020) (28 U.S.C. § 2241 petition proper vehicle to proceed where the defendant "seeks relief affecting how her sentence is executed, i.e., serving her sentence in home confinement as opposed to confinement in prison to which she was sentenced, and not a reduction or release from her sentence (i.e. a compassionate release)).

Were Defendant to file a § 2241 habeas petition, he would be required to exhaust administrative remedies before filing the petition in the district where he is confined. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (Though exhaustion not required where issue presented involves only statutory construction, petitioner required to exhaust administrative remedies where Residential Re-entry Center placement requested); see also Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (holding that a

prisoner's "procedural default of his administrative remedies bars judicial review of his habeas petition unless he can show cause for the default and prejudice attributable thereto"). Therefore, if Defendant remains incarcerated at MCC-New York and seeks to pursue relief under 28 U.S.C. § 2241, he must file a habeas petition in the United States District Court for the Southern District of New York and such filing would be subject to dismissal if he has not exhausted available administrative remedies.[3]

### III. CONCLUSION

For the reasons discussed above, Defendant's filings which the Court has construed as motions for compassionate release (Docs. 148, 153) will be dismissed without prejudice. A separate Order will be filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge

---

[3] For a prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542.10 *et seq.*; otherwise, the habeas petition should be dismissed. *Arias v. United States Parole Comm'n.*, 648 F.2d 196, 199 (3d Cir. 1981).